IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>v.<br><br>WYATT DOUGLAS MILLER,<br>KEVIN RAMSES ROCHA,<br>TYLER DEWAYNE ROGERS,<br>JONAH MAXWELL FESMAN,<br>ANTONIO ERNESTO MUNOZ,<br>JUAN MANUEL CAMACHO-ZARATE,<br>CAMERON DAVID MARTIN,<br>ILYESS HADRI TALBI,<br>STEVEN LIN,<br>GILBERT IMMANUEL,<br>JARED CHAN ZI JIE,<br>JORDON GOH ZHI HAO,<br>DARREN KHOO ZHI EN,<br>BRYAN GOH CHUN HEE,<br>CAI JIN CHENG,<br>TAN KIAN WEI,<br>JERALD TAN HONG WEI,<br>DANIEL HOLLAND, and<br>PRIT PATEL,<br><br>        **Defendants.** | Case No. 23-CR-331-JFH |

## **OPINION AND ORDER**

      Before the Court is a joint motion to declare this case complex and to enter a new scheduling order ("Motion") filed by the United States of America ("Government") and ten (10) of the nineteen (19) defendants in this case: Wyatt Douglas Miller, Kevin Ramses Rocha, Tyler Dewayne Rogers, Jonah Maxwell Fesman, Antonio Ernesto Munoz, Juan Manuel Camacho-Zarate, Cameron David Martin, Ilyess Hadri Talbi, Steven Lin, and Gilbert Immanuel. Dkt. No. 142. The remaining nine (9) defendants have not yet been taken into custody. *Id*. at 2. The parties agree that the case should be declared complex and that a new scheduling order should be entered.

*Id*.  The parties disagree as to when the case should be reset.  *Id*. at 3.  The Court has set this matter for hearing on December 7, 2023 to discuss the needs of the case and to determine an appropriate new trial date.  Dkt. No. 165.  For the reasons set forth below, the Motion is GRANTED.

On October 19, 2023, an indictment was filed charging the above-named defendants with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349.  On November 22, 2023, a superseding indictment was filed adding the nine (9) remaining defendants.  Dkt. No. 108.  This case is currently set on the Court's January 16, 2024 jury trial docket.  Dkt. No. 85.

The Motion notes that discovery in this matter is extensive.  Dkt. No. 142 at 2.  Specifically, the Government has seized numerous computers, cell phones, and other electronic devices from which it has recovered thousands of files comprising approximately 421 gigabytes.  *Id*.  Even more electronic discovery is expected.  *Id*.  For these reasons, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161.  The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and the Defendants in a speedy trial.  Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the indictment was filed and the time within which the trial of this action must commence.

Additionally, the Court notes that nine (9) of the defendants in this case have not yet been taken into custody.  Dkt. No. 142 at 2.  The Court has a strong preference for co-defendants to be tried together.  *See United States v. Williams, et al.*, Case No. 22-CR-152-JFH, Dkt. No. 54 (E.D. Okla. Jan. 18, 2023) (extending scheduling order over appearing defendant's objection where co-defendants were in the process of being arrested, arraigned, and potentially transported from other

districts, and finding the ends of justice were served by continuing the case to allow simultaneous prosecution against co-defendants); *United States v. Jones*, 530 F.3d 1292, 1298 (10th Cir. 2008) (explaining that liberal joinder of co-defendants' trials "enhance[s] the efficiency of the judicial system" and that "the Supreme Court has long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial"). The Court expects that the additional time granted by a continuance may allow for the remaining defendants to be brought into custody.

IT IS THEREFORE ORDERED that the joint motion to declare this case complex and to enter a new scheduling order [Dkt. No. 142] is GRANTED.

IT IS FURTHER ORDERED that an amended scheduling order will be issued by the Court following the hearing set for December 7, 2023.

Dated this 6th day of December 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE